UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FREDRENE MYERS,<br><br>  Plaintiff,<br><br>v.<br><br>PLATEAU DATA SERVICES, LLC d/b/a<br>RATEMARKETPLACE.COM,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:16-cv-00535<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes FREDRENE MYERS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PLATEAU DATA SERVICES, LLC d/b/a RATEMARKETPLACE.COM ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 57 year old natural person residing at 3249 163rd Street, Hammond, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is an online marketing company that owns and operates RateMarketplace.com, a financial services website that matches consumers to financial services companies that best meet their needs.  Defendant's principal place of business is located at 1875 South Grant Street, Suite 950, San Mateo, California, but it conducts business throughout the country, including in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately January 2016, Plaintiff began receiving calls from Defendant to her cellular phone, (219) XXX-4572.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 4572.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. The phone number that Defendant most often uses to call Plaintiff's cellular phone is (800) 515-5884.  *See* Exhibit A.

12. Upon information and belief, the phone number ending in 5884 is regularly used by Defendant during its solicitation activities.

13. Plaintiff is unaware as to how Defendant got her information, as she has no relationship with it, nor does she remember giving it permission to call her.  *Id.*

14. When Plaintiff answers calls from Defendant, she experiences a pause, approximately three to four seconds in length, and then hears an audible "click" before a live representative begins to speak.  *Id.*

15. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit her into using its home loan services.  *Id.*

16. Plaintiff has told Defendant on numerous occasions that she was not interested in its services and demanded that her contact information be removed from its system.  *Id.*

17. Despite these multiple requests, Defendant has continued to regularly call Plaintiff's cellular phone up until the present day.  *Id.*

18. Defendant calls Plaintiff's cellular phone multiple times during the same day, even after being told to stop.  *Id.*

19. Plaintiff has received approximately 100 phone calls from Defendant since asking it to stop calling.  *Id.*

20. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

21. Seeking to stop the calls from Defendant, Plaintiff has expended money purchasing and maintaining an application on her cellular phone to block its numbers.  *Id.*

22. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

23. Plaintiff has suffered financial loss as a result of Defendant's conduct.

24. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause and "click" that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

29. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff revoked consent. Plaintiff does not recall giving Defendant permission to contact her, but even if Plaintiff *may* have consented to receive solicitation calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact.

30. The calls placed by Defendant to Plaintiff were solicitation attempts and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant acted in willful defiance of the TCPA by repeatedly ignoring Plaintiff's requests to stop contacting her.

WHEREFORE, Plaintiff, FREDRENE MYERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

32.  Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33.  Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

34. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An

act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

"Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

35. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

36. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

37. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

38. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was also specifically notified by Plaintiff on a number of occasions that she was not interested in its services and to cease calling. Defendant consciously ignored Plaintiff's demands in an abusive attempt to solicit her.

39. In violating the TCPA, Defendant engaged in illegal and fraudulent behavior during its solicitation efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The IDCSA further states:

"A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

41. Defendant's conduct is part of a purposeful and systematic scheme to illegally contact unsophisticated consumers who may not be aware of their rights.  Plaintiff told Defendant to stop calling, however, Defendant's conduct is an incurable deceptive act of which notice would not remedy.  Plaintiff had no previous relationship with Defendant whatsoever, and even after informing it that she was not interested and to stop contacting her, Defendant continued to use an ATDS to deceptively and repeatedly cause her cellular phone to ring.

42. Plaintiff made an attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.  Instead of stopping, it has continued to call her regularly.  Incessantly calling her cellular phone after being told to stop is deceptive behavior that evidently could not be cured.

43. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana.  Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis.

44. As pled in paragraphs 19 through 25, Plaintiff has suffered damages as a result of Defendant's unlawful conduct.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, FREDRENE MYERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

  c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

  d. Enjoining Defendant to cease contacting Plaintiff; and

  e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2016	Respectfully submitted,

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com