# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FREDRENE MYERS,<br><br>        Plaintiff,<br><br>    v.<br><br>PLATEAU DATA SERVICES, LLC D/B/A RATEMARKETPLACE.COM,<br><br>        Defendant. | Case No.  2:16-cv-00535-RLM-APR<br><br>HONORABLE ROBERT L. MILLER, JR.<br><br>MAGISTRATE HONORABLE<br><br>ANDREW P. RODOVICH |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PLATEAU DATA SERVICES, LLC D/B/A RATEMARKETPLACE.COM

Defendant Plateau Data Services, LLC d/b/a RateMarketPlace.com ("Plateau" or "Defendant"), by and through its undersigned attorneys, hereby answer the Civil Complaint of Plaintiff Fredrene Myers ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

1. Paragraph 1 characterizes a statute and Defendant's alleged conduct. Defendant disputes Plaintiff's characterization. No response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 1.

### JURISDICTION AND VENUE

2. Defendant DENIES that the Court has subject matter jurisdiction, including but not limited to because there is no case or controversy, Plaintiff has no standing, and Plaintiff suffered no injury under *Spokeo v. Robins*, 136 S.Ct. 1540 (2016). Defendant DENIES the remainder of the allegations in Paragraph 2.

3. Defendant DENIES that venue is proper insofar as the Court lacks subject matter jurisdiction, including but not limited to because there is no case or controversy, Plaintiff has no standing, and Plaintiff suffered no injury under *Spokeo v. Robins*, 136 S.Ct. 1540 (2016). Defendant DENIES the remainder of the allegations in Paragraph 3.

## PARTIES

4.   Defendant has insufficient information to form a belief as to the allegations in Paragraph 4 and therefore DENIES the allegations in Paragraph 4.

5.   Paragraph 5 characterizes a statute and Plaintiff's status under that statute. No response is required because the statute speaks for itself. Also, Defendant disputes that Plaintiff is edible for relief under the statutes alleged in the Complaint. Defendant DENIES the remainder of the allegations in Paragraph 5.

6.   Defendant ADMITS that it has an office in San Mateo, California, where it offers financial services information through the website RateMarketplace.com to people across the country. Defendant DENIES the remainder of the allegations in Paragraph 6.

7.   Paragraph 7 characterizes a statute and Defendant's status under that statute. No response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 7.

8.   Paragraph 8 is a legal conclusion and therefore does not require a response. Defendant DENIES the remainder of the allegations in Paragraph 8.

## ALLEGED FACTS ALLEGEDLY SUPPORTING CAUSES OF ACTION

9.   Defendant admits that calls were made to Plaintiff in January 2016, and moreover, any calls received by Plaintiff from Defendant were consented to and not actionable as alleged in Plaintiff's Complaint. Defendant DENIES the remainder of the allegations in Paragraph 9.

10.   Defendant has insufficient information to form a belief as to the allegations in Paragraph 10 and therefore DENIES the allegations in Paragraph 10.

11.   Defendant ADMITS that it utilizes the number (800) 515-5884, any calls Plaintiff may have received from Defendant were from (800) 515-5884, and Plaintiff consented to each of the calls that may have been received from Defendant. Defendant DENIES the remainder of the allegations in Paragraph 11.

12.   Defendant ADMITS that it utilizes the number (800) 515-5884, any calls Plaintiff may have received from Defendant were from (800) 515-5884, and Plaintiff consented to each of the calls that may have been received from Defendant. Defendant DENIES the remainder of the

allegations in Paragraph 12.

13. Defendant ADMITS that Plaintiff consented to each of the calls that may have been received from Defendant as Plaintiff signed up for and expressly consented to receive those calls. Defendant DENIES the remainder of the allegations in Paragraph 13.

14. Defendant has insufficient information to form a belief as to the allegations in Paragraph 14 and therefore DENIES the allegations in Paragraph 14.

15. Defendant has insufficient information to form a belief as to the allegations in Paragraph 15 and therefore DENIES the allegations in Paragraph 15.

16. Defendant DENIES the allegations in Paragraph 16.

17. Defendant DENIES the allegations in Paragraph 17.

18. Defendant DENIES the allegations in Paragraph 18.

19. Defendant DENIES the allegations in Paragraph 19.

20. Defendant has insufficient information to form a belief as to the allegations in Paragraph 20 and therefore DENIES the allegations in Paragraph 20.

21. Defendant DENIES the allegations in Paragraph 21.

22. Defendant DENIES the allegations in Paragraph 22.

23. Defendant DENIES the allegations in Paragraph 23.

24. Defendant DENIES the allegations in Paragraph 24.

25. Defendant DENIES the allegations in Paragraph 25.

## COUNT I—ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Paragraph 26 is a reincorporation, and no response is required.

27. Paragraph 27 characterizes a statute and therefore no response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 27.

28. Defendant DENIES the allegations in Paragraph 28.

29. Defendant DENIES the allegations in Paragraph 29.

30. Paragraph 30 characterizes a statute and Defendant's alleged conduct. Defendant

disputes Plaintiff's characterization. No response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 30.

31. Defendant DENIES the allegations in Paragraph 31, denies that there were any violations as alleged in the Complaint, and denies that Plaintiff is entitled to any relief.

## COUNT II—ALLEGED VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

32. Paragraph 32 is a reincorporation, and no response is required.

33. Defendant DENIES the allegations in Paragraph 33.

34. Paragraph 34 characterizes a statute and therefore no response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 34.

35. Paragraph 35 characterizes a statute and therefore no response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 35.

36. Paragraph 36 characterizes a statute and therefore no response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 36.

37. Paragraph 37 characterizes a statute and therefore no response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 37.

38. Defendant DENIES the allegations in Paragraph 38.

39. Defendant DENIES the allegations in Paragraph 39.

40. Paragraph 40 characterizes a statute and therefore no response is required because the statute speaks for itself. Defendant DENIES the remainder of the allegations in Paragraph 40.

41. Defendant DENIES the allegations in Paragraph 41.

42. Defendant DENIES the allegations in Paragraph 42.

43. Defendant DENIES the allegations in Paragraph 43.

44. Defendant DENIES the allegations in Paragraph 44 and DENIES that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendant DENIES that the Court has subject matter jurisdiction, including but not limited to because there is no case or controversy. Plaintiff has no standing, and Plaintiff suffered no injury under *Spokeo v. Robins*, 136 S.Ct. 1540 (2016). The claims of Plaintiff are subject to agreements to arbitrate.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any alleged damages, if any. Plaintiff consented to receive any calls received from Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff waived all claims. Plaintiff opted in or otherwise provided consent to receive any alleged telephone calls from Defendant. Plaintiff intentionally relinquished any right to assert a claim under the TCPA or any other statute because of consent to receive any alleged calls from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff consented to receive any alleged calls from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff consented to receiving the type of telephone calls regulated by the TCPA or any other statute alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are subject to agreements to arbitrate.

### EIGHTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint, if any, may have been caused by one or more third parties whose activities were not approved, ratified, or controlled by Defendant.

### NINTH AFFIRMATIVE DEFENSE

Defendant is not liable for the damages alleged by Plaintiff because those damages were caused by intervening or superseding actions of Plaintiff and/or another third party whose activities were not approved, ratified, or controlled by Defendant.

### TENTH AFFIRMATIVE DEFENSE

Defendant's actions were taken in good faith, in reliance upon information provided by Plaintiff and others, and with a reasonable belief that such actions were legal, appropriate and necessary. The conduct alleged to be in violation of a statute, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Defendant's reasonable and appropriate efforts to avoid any such violation. Defendant is therefore not liable for Plaintiff's claims because Defendant's acted reasonably based on good faith belief that all of its actions were lawful, and moreover, Defendant's actions fall within safe harbor provisions of the TCPA. Any alleged violations of the TCPA would have been the result of good faith error, whether by machine, programming or human. Under these circumstances, it would be incongruous with the larger statutory and regulatory scheme to hold Defendant liable under the TCPA. *See, e.g., Chyba v. First Financial Asset Management*, Case No. 12–cv–1721–BEN (WVG), 2014 WL 1744136 (S.D. Cal. April 30, 2014).

Defendants reserve the right to add more defenses as discovery proceeds.

### PRAYER FOR RELIEF

Accordingly, Defendant prays for the following relief:

A.   Dismissal of the Complaint with prejudice.

B.   Attorney's fees and costs, as allowed by law.

KIGHTLINGER & GRAY, LLP

By   /*s/William G. Hussmann*
  William G. Hussmann, #8306-41
  whussmann@k-glaw.com
  7220 Eagle Crest Boulevard
  Evansville, IN 47715
  Telephone:   (812) 474-4400
  Facsimile:   (812) 474-4414
  Attorney for Defendant, Plateau Data Services,
  LLC d/b/a Ratemarketplace.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

 Nathan C. Volheim
 Sulaiman Law Group, Ltd.
 nvolheim@sulaimanlaw.com

 Keith Scully
 NEWMAN DU WORS LLP
 2101 4th Avenue #1500
 Seattle, Washington 98121
 Telephone: (206) 274-2833
 keith@newmanlaw.com

This the 2nd day of March, 2017.

         *s/William G. Hussmann*
         William G. Hussmann

KIGHTLINGER & GRAY, LLP
7220 Eagle Crest Boulevard
Evansville, IN 47715
Telephone:  (812) 474-4400
Facsimile:   (812) 474-4414

170211\3729714-1